TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>-----------------------------------------------------------------x<br>BAO YU YANG,<br>*on his own behalf and on behalf of others similarly situated*<br>　　　　　　　　　　　　Plaintiff,<br>　　　　　v.<br>JC MASTER NIU INC<br>　　d/b/a Taste of North China;<br>XIN LI NIU<br>　　a/k/a Xinli Niu<br>　　a/k/a Linda Niu,<br>WANG ZIXIN<br>　　a/k/a Wang Zi Xin, and<br>ALEX "DOE"<br>　　　　　　　　　　　　Defendants.<br>-----------------------------------------------------------------x | **Case No. 21-cv-15394**<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br><br>**COMPLAINT** |

　　　　Plaintiff BAO YU YANG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants JC MASTER NIU INC d/b/a Taste of North China; XIN LI NIU a/k/a Xinli Niu a/k/a Linda Niu, WANG ZIXIN a/k/a Wang Zi Xin, and ALEX "DOE", and alleges as follows:

## INTRODUCTION

　　　　1.　　This action is brought by the Plaintiff BAO YU YANG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and

Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) out of pocket expenses to delivery experts on the road, (4) liquidated damages, (5) prejudgment and post-judgement interest; and or (6) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) out of pocket expenses to delivery experts on the road, (4) pre-judgment and post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about April 20, 2018 to February 13, 2019, Plaintiff BAO YU

YANG was employed by Defendants to work as a fry worker for Defendants at 75 Montgomery St, Jersey City, NJ 07302.

## DEFENDANT

*Corporate Defendant*

8. Defendant JC MASTER NIU, INC d/b/a Taste of North China is a domestic business corporation organized under the laws of the State of New York with a principal address at 75 Montgomery Street, Store 1, Jersey City, NJ 07302.

9. JC MASTER NIU, INC d/b/a Taste of North China is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. JC MASTER NIU, INC d/b/a Taste of North China purchased and handled goods moved in interstate commerce

*Corporate Non-Defendants*

11. NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China is a domestic business corporation organized under the laws of the State of New York with a principal address at 75 Montgomery Street, Store 1, Jersey City, NJ 07302.

12. NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14. XIN LI NIU a/k/a Xinli Niu a/k/a Linda Niu is the Manager and Owner of JC

MASTER NIU, INC d/b/a Taste of North China and, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JC MASTER NIU, INC d/b/a Taste of North China.

15. XIN LI NIU a/k/a Xinli Niu a/k/a Linda Niu is the incorporator of JC MASTER NIU INC.

16. XIN LI NIU a/k/a Xinli Niu a/k/a Linda Niu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with JC MASTER NIU, INC d/b/a Taste of North China.

17. WANG ZIXIN a/k/a Wang Zi Xin is the Registered Agent for JC MASTER NIU, INC d/b/a Taste of North China and, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JC MASTER NIU, INC d/b/a Taste of North China.

18. WANG ZIXIN a/k/a Wang Zi Xin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with JC MASTER NIU, INC d/b/a Taste of North China.

19. ALEX "DOE" is the Manager at JC MASTER NIU, INC d/b/a Taste of North China and, (1) had the power to hire and fire employees (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JC MASTER NIU, INC d/b/a Taste of

North China.

20. ALEX "DOE" acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with JC MASTER NIU, INC d/b/a Taste of North China.

*Owner/Operator Non-Defendants*

21. JIANGUO ZHAO, the incorporator of NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Corporate Non-Defendants NEW TASTE OF NORTH CHINA INC. d/b/a Taste of North China

22. JIANGUO ZHAO paid the employees, including Plaintiff some of the time.

23. JIANGUO ZHAO appears on the Purchase Agreement Lease and Bill of Sale between Corporate Defendant and Corporate Non-Defendant

24. JIANGUO ZHAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Corporate Non-Defendants NEW TASTE OF NORTH CHINA INC. d/b/a Taste of North China.

25. QIMIN CAI (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Corporate Non-Defendants NEW TASTE OF NORTH CHINA INC. d/b/a Taste of North China.

26. QIMIN CAI is the incorporator of and sits on the First Board of Directors of NEW TASTE OF NORTH CHINA INC. d/b/a Taste of North China.

27. QIMIN CAI pays the restaurant employees, including Plaintiff some of the time.

28. QIMIN CAI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Corporate Non-Defendant NEW TASTE OF NORTH CHINA INC. d/b/a Taste of North China.

## STATEMENT OF FACTS

### Corporate Defendant Is a Successor to Corporate Non-Defendant

29. Upon information and belief, Corporate Defendant JC MASTER NIU INC d/b/a Taste of North China is the successor to Corporate Non-Defendant NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China

30. At all times relevant herein, JC MASTER NIU INC d/b/a Taste of North China and Corporate Non-Defendants NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

31. On January 3, 2020, Corporate and Non-Corporate Defendants entered into a Purchase Agreement where Corporate Non-Defendants sold their business to Corporate Defendants.

32. The Lease was signed by Individual Defendant XIN LI NIU a/k/a Xinli Niu a/k/a Linda Niu and Individual Non-Defendant JIANGUO ZHAO.

33. At the time of the changeover, upon information and belief, all the employees

continued to work for Taste of North China with no interruption in operation, using the same utensils and equipment, making the same dishes for the same menu and serving the same customer

34. Corporate Defendant and Corporate Non-Defendants share the same website, www.tasteofnorthchinajc.com, and the same phone number.

35. Plaintiff filed an action against NEW TASTE OF NORTH CHINA INC d/b/a Taste of North China, on April 8, 2019 and Corporate Non-Defendant sold their business to Corporate Defendant to alleviate the possible loss of ownership and stake in the business.

36. Individual Defendants and Individual Non-Defendants acted intentionally and maliciously in the transfer of the business

## Wage and Hour Claims

37. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

38. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

39. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

40. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

41. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

42. Upon information and belief, Defendants failed to keep full and accurate

records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

43. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

44. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff BAO YU YANG*

45. From on or about April 20, 2018 to February 13, 2019, Plaintiff BAO YU YANG was employed by Defendants to work as a fry worker at 75 Montgomery St, Jersey City, NJ 07302.

46. From on or about April 20, 2018 to February 13, 2019, Plaintiff BAO YU YANG's regular work schedule ran as follows: 1

    a. 10:00 to 22:20 for thirteen and one third (13 1/3) hours per day for three (3) days

    b. 11:00 to 22:20 for eleven and one third (11 1/3) hours per day for two (2) days

    c. Plaintiff BAI YU YANG worked a total of sixty-three (63) hours each week.

47. At all relevant times, Plaintiff BAO YU YANG did not have a fixed time for lunch or for dinner.

48. In fact, Plaintiff BAO YU YANG had ten (10) minutes to eat and even then, he

was on call, meaning that if customer's order came, his break stopped and he had to deliver.

49. From on or about April 20, 2018 to February 13, 2019, Plaintiff BAO YU YANG was paid a flat compensation at a rate of sixty dollars ($60.00) per day.

50. At all relevant times, Plaintiff BAO YU YANG was not paid overtime pay for overtime work.

51. At all relevant times, Plaintiff BAO YU YANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

52. Throughout his employment, Plaintiff BAO YU YANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

53. Throughout his employment, Plaintiff BAO YU YANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

54. Throughout his employment, Plaintiff BAO YU YANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

55. As part of Plaintiff's employment with Defendants, Plaintiff BAO YU YANG was required to bear the cost of the purchase of a motor vehicle (SUV) and the costs of the gasoline.

56. On average, Plaintiff BAO YU YANG drives three (3) miles back-and-forth per order, and delivers twenty (20) to thirty (30) orders a day.

57. Plaintiff BAO YU YANG was not reimbursed by Defendants for the cost of the gasoline or the cost of maintaining the delivery vehicle for Defendants' benefit

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

60. All said persons, including Plaintiff, are referred to herein as the "Class."

61. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

62. The proposed Class is so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

63. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

   b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the NJWHL;

   c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

   d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

   e. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

   f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

64. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

65. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Unpaid Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

70. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. At all relevant times, Plaintiff is employed by Defendants within the meaning of NJWHL.

74. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

75. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

76. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

79. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

80. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

81. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

82. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

83. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

87. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

88. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants his full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## COUNT V.
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

91. Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his electricity delivery bicycle.

92. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

93. Plaintiff purchased, maintained and repaired the electric bicycle at his own expense.

94. Plaintiff performed these deliveries for the sole benefit of the Defendants.

95. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

96. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

97. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result,

Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)       An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)       An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)       An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i)       An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

j)       The cost and disbursements of this action;

k)       An award of prejudgment and post-judgment fees;

l)       Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable in this matter.

Dated: Flushing, New York

August 16, 2021

                               TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

/s/ Aaron Schweitzer
Aaron Schweitzer (AS 6369)
41-25 Kissena Blvd, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com