UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC. – PENSION FUND<br><br>Plaintiffs,<br>vs.<br><br>PARAGON IRON, INC., and XYZ CORPORATION, and JOHN and JANE DOE 1-10, individuals, and a member or members of the controlled group of PARAGON IRON, INC.<br><br>Defendants | DOCKET NO.: 2:22-CV-06444<br><br>CIVIL ACTION<br><br>STIPULATION OF SETTLEMENT AND DISMISSAL WITHOUT PREJUDICE |

This Stipulation of Settlement and Dismissal Without Prejudice ("Stipulation") is made and entered into between the Board of Trustees of the Trucking Employees of North Jersey Welfare Fund, Inc. – Pension Fund ("the Fund") and Paragon Iron, Inc. ("Paragon" or "Company").

WHEREAS, Paragon was timely notified of an assessment of withdrawal liability made by the Fund pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), forwarding a Demand for Payment by letter dated June 28, 2017 ("Notice and Demand"); and

WHEREAS, the Notice and Demand stated in part that the amount of withdrawal liability was $571,851 and set forth a monthly payment schedule of $1,112.65 for 240 months with the first payment due on or before August 1, 2017; and

WHEREAS, Paragon failed to remit the initial August 1, 2017 installment as demanded, and thereafter continued in its failure to submit additional installment payments; and

WHEREAS, pursuant to ERISA Sections 4219(c)(2) and 4221(d), withdrawal liability payments must be made in accordance with the schedule set forth by the Plan's sponsors; and

WHEREAS, on October 2, 2017, the Fund sent a letter to Paragon advising that the Fund had declared Paragon to be in default of its obligation to pay withdrawal liability ("Notice and Default"); and

WHEREAS, said Notice of Default advised that unless all delinquent payments were made within sixty (60) days of receipt, the entire amount of the withdrawal liability would be automatically accelerated and be immediately due and payable pursuant to ERISA Section 4219; and

WHEREAS, Plaintiffs filed a Complaint in this Court on or about December 28, 2017 (Civil Action No. 2:17-CV-13734-WJM-MF ("Initial Action")) by reason of Paragon's failure to pay amounts towards its withdrawal liability; and

WHEREAS, after service of the Summons and Complaint and the filing of Defendant's Answer in the Initial Action, the parties entered into a "Settlement Agreement" dated June 28, 2018 which in part provided that Paragon would pay its delinquent installment payments for the period of August 2017 through June of 2018 plus interest, attorney's fees and costs and would be permitted to pay all monthly installments thereafter rather than the accelerated amount; and

WHEREAS, the Settlement Agreement specifically provided that Defendant would make timely payment in the future of its monthly installments of $1,112.65; and

WHEREAS, the Settlement Agreement also provided that Paragon waived its right to challenge the amount of withdrawal liability, the monthly amount set forth in the Notice and Demand and/or its liability for the assessment in any manner; and

WHEREAS, the Settlement Agreement further provided that in the event of default in the future of Paragon's obligation to make monthly payments:

(a) Plaintiff would be permitted to file a Motion with this Court to reopen the Initial Action to enforce the terms of the Settlement Agreement or file a new suit in this Court as an ERISA collection claim and/or as an action to enforce the Settlement Agreement and collect the balance of the withdrawal liability assessed,

(b) That in the event of Plaintiffs filing an action, Defendant agreed not to oppose such lawsuit,

(c) Defendant consented to an Entry of Judgment for the full unpaid delinquency plus interest and additional amounts accrued less amounts paid prior to the Judgment; and

WHEREAS, an "Event of Default" was defined in the Settlement Agreement as a failure by the Company to make payment of any installments initially demanded by the Fund and not cured within ten (10) days after the Plaintiff served notice upon the Company; and

WHEREAS, beginning with the installment due June 1, 2022, Defendant failed to pay its withdrawal liability payments; and

WHEREAS, Defendants failure to make such payments constituted an Event of Default as defined in the Settlement Agreement between the parties; and

WHEREAS, on September 22, 2022, the Fund, through its counsel, served a second Notice of Default which accelerated the entire amount due from Defendants in accordance with ERISA Section 4219(c)(5) and advised Paragon of its breach of the Settlement Agreement; and

WHEREAS, as a result of Paragon's failure to make the delinquent payments, the within action was commenced by the Fund with the filing of a Complaint on or about November 3, 2022; and

WHEREAS, Paragon was effectively, timely and properly served with a Summons and Complaint in this action; and

WHEREAS, Paragon did not Answer the Complaint in this matter; and

WHEREAS, Paragon has, since service of the Complaint, made all delinquent payments, but after the Fund had already effectively accelerated the entire amount of the assessed withdrawal liability, thus eliminating Paragon's ability to cure its payment default and/or resume the demanded payment schedule; and

WHEREAS, the parties wish to avoid further costs and risks of litigation and grant Paragon a last opportunity to make good on its monthly withdrawal liability installment obligation and avoid collection proceedings on the accelerated amount.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, it is hereby agreed as follows:

SETTLEMENT

1. Paragon shall pay to the Fund the amount of $7,245 for reimbursement of attorney's fees and costs incurred by the Fund in this action. Such payment shall be made in three (3) equal installments of $2,415 to be made simultaneously with the January,

February and March 2023 withdrawal liability monthly payments. It is agreed that the failure of Paragon to make such monthly payments towards reimbursement of legal fees and costs shall constitute a "default" under this Stipulation and its obligation to pay its withdrawal liability payments pursuant to ERISA Section 4219.

2. Paragon agrees to fully and timely pay its monthly withdrawal liability installments of $1,112.65 under the schedule of payments set forth in the Notice and Demand until the end of such payment schedule.

## WAIVER OF RIGHT TO CHALLENGE ASSESSMENT

3. Paragon's waiver of its right to challenge the amount of the withdrawal liability, the monthly payment set forth in the Notice and Demand and/or its liability for the assessment in any manner (including, but not limited to arbitration pursuant to ERISA § 4221) as set forth in the Settlement Agreement shall continue in full force and effect.

4. The within action is hereby dismissed without prejudice to the Fund to enforce the terms of this Stipulation, any provision of the Settlement Agreement, the terms of which are hereby incorporated by reference and/or any provision of ERISA related to the collection of the assessed withdrawal liability.

## THE COMPANY CONSENTS TO JUDGMENT IN THE EVENT OF DEFAULT

5. This settlement agreement shall be "So Ordered" by the District Court for the purposes of entering judgment in the event of default, as set forth below. In the event of Paragon's default of the terms of this Stipulation, the Fund may, at its discretion, immediately file a Motion with the Court to reopen this action to enforce the terms of this Stipulation and enter judgment, or file a new lawsuit in the United States District Court

for the District of New Jersey as an ERISA collection lawsuit and/or an action to enforce this Stipulation.

In the event the Fund claims a "default" under this Agreement, Paragon agrees not to oppose such Motion to reopen and enter judgment, and further consents to the entry of Judgment for the full amount of any unpaid installments and/or amounts accelerated by the Fund for nonpayment plus all reasonable attorney's fees incurred by the Fund for collection up until date of Judgment, interest, post-judgment interest, liquidated damages, and costs.

"Default" is defined as Paragon's failure to make any payment demanded by the Notice and Demand by its due date and/or any of the attorney's fees and costs paid simultaneously therewith as provided in Paragraph 1 above. The Fund may take any action necessary to enforce this Stipulation or the Settlement Agreement after five (5) days written notice of receipt by Paragon of its default and Paragon's failure to cure the default within that time frame, which notice shall be served by certified mail, return receipt requested or receipted overnight delivery.

PRIOR DEFAULTS

6. The Fund's prior notices of default and accelerations of debt made pursuant to ERISA Section 4219(a)(5) and/or the Settlement Agreement shall be held in abeyance, such that the Fund shall take no action on such default unless Paragon fails to promptly pay its monthly withdrawal liability and/or legal fees/costs payments. In the event of Paragon's default herein and failure to cure in the time required after notice from the Fund, the Fund's Notice of Default dated September 2, 2022 shall be deemed to be in

full force and effect thereby eliminating any 60 day notice required under ERISA § 4219(a)(5).

ACCELERATION

7.      It shall not be a defense to any Notice of Default and/or acceleration of debt that ERISA Section 4219 provides for a sixty (60) day notice. Paragon agrees and stipulates that only a five (5) day notice will be required for default to be established and/or acceleration to be effective. Paragon stipulates that the Fund's prior Notice of Default dated September 2, 2022, is not by reason of this Stipulation withdrawn but is being held in abeyance to permit Paragon the opportunity to make timely monthly payments until the end of its payment schedule pursuant to the Notice and Demand.

NOTICES

8.      All notices to the Company pursuant to this Agreement shall be sent to the following address:

>   John Danubio
>   Paragon Iron, Inc.
>   101 Industrial East
>   Clifton, New Jersey 07012
>   john@readingtoniron.com

All notices to the Fund required pursuant to this Agreement shall be sent to the following address:

>   Fund Manager
>   Trustees of the Trucking Employees of North Jersey
>           Welfare Fund, Inc. – Pension Fund
>   707 Summit Avenue
>   Union City, New Jersey 07087

With a copy to:

David W. New, Esq.
David W. New, P.C.
P.O. Box 447
Rutherford, New Jersey 07070

FULL AGREEMENT

9. This Stipulation incorporates, embodies and expresses all agreements and understanding among the parties. This Stipulation shall not be altered and modified in any way except in writing duly executed by all parties. The obligations of the parties hereunder shall be enforceable by further Court proceedings and/or injunctive relief to the extent future action may be required. Such relief may be granted without a showing of irreparable injury or inadequate remedy of law. The Stipulation may not be used for any purpose(s) other than the enforcement of its terms. An action to enforce this Stipulation may only be brought in the United States District Court for the District of New Jersey.

SECTION HEADINGS/WHEREAS CLAUSES

10. The Section Headings contained in this Stipulation are included for inconvenience and shall not be considered a part of this Stipulation or to affect its true meaning and intent. All "WHEREAS" clauses at the beginning of this Stipulation shall be considered part of the agreements made between the parties, and such statements therein are hereby stipulated to be accurate.

GOVERNING LAW

11. This Stipulation shall be governed by and construed in accordance with the laws of the United States and, to the extent not pre-empted, the law of the State of New Jersey.

SINGULAR AND PLURAL

12. For purposes of this Stipulation, the use of the singular shall constitute use of the plural and vice versa.

### BINDING AUTHORITY AND EFFECT

13. Each of the parties represents that it has full and complete authority to enter into this Stipulation and that no additional approvals are necessary and the Stipulation constitutes the binding and legally enforceable obligation of that party. This Stipulation will be binding upon the successors and assigns of the parties hereto.

### MULTIPLE COUNTERPARTS

14. This Stipulation may be executed in multiple counterparts.

### CONSTRUCTION OF AGREEMENT

15. This Stipulation is the product of discussions and negotiations between the parties, and none of its terms or provisions may be construed against either party.

### NON-PRECEDENTIAL AND NON-WAIVER

16. The parties hereto agree and affirm that this Stipulation relates to and only applies to the parties herein, and has no precedential value or effect with respect to any other employer and is made for the sole purpose of resolving this matter.

PARAGON IRON, INC.

BY: _____         Date: 1/4/2023
JOHN DANUBIO
President

WITNESS:

_____              Date: 1/4/2023

TRUCKING EMPLOYEES OF NORTH JERSEY
WELFARE FUND, INC.

BY: _____  Date: 1/10/2023
ROBERT BLUMENFELD
Fund Manager

WITNESS:

_____  Date: 1/10/2023

**SO ORDERED:**

_____  Date: 3/2/2023
HON. CLAIRE C. CECCHI, U.S.D.J.